# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2010

No. 09-50842
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ORNELAS-LOPEZ, also known as Jesus Lopez Perez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1514-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Ornelas-Lopez (Ornelas) appeals the concurrent 37-month within-guidelines sentences imposed in connection with his guilty-plea convictions for attempted illegal reentry following deportation and false personation in immigration matters. Ornelas argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and that he should have been sentenced below the guidelines range. He contends that his prior conviction for transporting illegal aliens was double counted. Ornelas, citing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Kimbrough v. United States*, 552 U.S. 85 (2007), argues that his sentence is unreasonable because U.S.S.G. § 2L1.2 is not empirically based and is flawed. He also contends that the presumption of reasonableness should not be applied to his sentence because § 2L1.2 is not based on empirical data.

Ornelas's argument that this court should not accord his within-guidelines sentence a presumption of reasonableness because the applicable guideline is not supported by empirical data is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009)*; United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Ornelas acknowledges this argument is foreclosed but raises the issue to preserve it for possible further review.

The substantive reasonableness of Ornelas's sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2009). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Ornelas's contention that his sentence is unreasonable because § 2L1.2 is not based on empirical data is without merit. "Whatever appropriate deviations [*Kimbrough*] may permit or encourage at the discretion of the district judge, *Kimbrough* does not force district or appellate courts into a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines." *Duarte*, 569 F.3d at 530.

The Sentencing Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement. *See* U.S.S.G. § 2L1.2, comment. (n.6). Additionally, this court has rejected the argument that double-counting necessarily renders a sentence unreasonable. *Duarte*, 569 F.3d at 529-31. Ornelas's argument that his sentence does not take into account his health, family ties, and good work history is without merit. The record shows that the district court listened to Ornelas's arguments but ultimately determined that a sentence within the guidelines range was appropriate. His arguments are

insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  Ornelas has not demonstrated that the district court's imposition of a sentence at the bottom of the guidelines range was an abuse of discretion.

The district court's judgment is AFFIRMED.